UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FYRE FESTIVAL LITIGATION                                             MDL No. 2787

ORDER DENYING TRANSFER

**Before the Panel:**[*]   Plaintiffs in one action (*Herlihy*) move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York.  This litigation currently consists of six actions pending in four districts, as listed on Schedule A.  The actions arise out of the cancellation of a music festival known as the Fyre Festival, originally scheduled to take place in the Bahamas in the spring of 2017.  The defendants in this litigation are entities and individuals allegedly responsible for organizing and promoting the Festival:  Fyre Media, Inc., and its alleged owners William McFarland and Jeffrey Atkins; Fyre Festival, LLC; Grant Margolin; Matte Projects, LLC; and 42West, LLC.

Plaintiffs in four actions support centralization, and variously suggest the Southern District of New York, the Southern District of Florida, and the District of New Jersey. Plaintiff in the Central District of California action (*Jung*) opposes centralization, but requests his district if centralization is granted over his objection.  The sole responding defendant, Matte Projects, LLC, supports centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These putative class actions undoubtedly share factual questions arising from allegations that defendants made false and misleading representations in promoting and marketing the Fyre Festival, a luxury music festival planned for the Bahamas over two weekends beginning in late April 2017, and that ticket holders suffered damages as a result of its cancellation.  But the record before us indicates that informal coordination is a practicable alternative to centralization. There are only six actions pending in four districts and a correspondingly limited number of involved plaintiffs' counsel.  Additionally, the common defendants have not entered an appearance in any action or in the Panel proceedings, and default proceedings against them have commenced in two actions.[1]  At oral argument, plaintiffs' counsel indicated that just one of these

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Fyre Media, Inc., McFarland, and Atkins are defendants in all six actions.  Fyre Festival, LLC, is a defendant in two actions.  In *Reel,* the court has entered defaults against defendants Fyre Media, Inc., Fyre Festival, LLC, and Atkins.  In *Herlihy*, a motion for entry of default is pending as to defendants Fyre Media, Inc., and McFarland.

-2-

defendants is likely to appear in these actions.[2] Moreover, the only defendants that have appeared to date – Matte Projects, LLC, and 42West, LLC – are sued solely in the *Reel* action, and thus require little, if any, coordination with the other actions. In these circumstances, informal cooperation among the parties and the involved courts should be sufficient to minimize duplicative pretrial proceedings and the risk of inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Charles R. Breyer | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[2] Plaintiffs' counsel represented that defendant Atkins is in the process of retaining counsel and intends to appear. The record also reflects that Fyre Festival, LLC, is in involuntary bankruptcy proceedings, and a criminal case has commenced against McFarland in the Southern District of New York.

**IN RE: FYRE FESTIVAL LITIGATION**                                MDL No. 2787

## SCHEDULE A

<u>Central District of California</u>

JUNG v. MCFARLAND, ET AL., C.A. No. 2:17-03245

<u>Southern District of Florida</u>

REEL, ET AL. v. MCFARLAND, ET AL., C.A. No. 1:17-21683

<u>District of New Jersey</u>

PETROZZIELLO v. FYRE MEDIA, INC., ET AL., C.A. No. 2:17-03018

<u>Southern District of New York</u>

HERLIHY, ET AL. v. FYRE MEDIA, INC., ET AL., C.A. No. 1:17-03296
DALY, ET AL. v. MCFARLAND, ET AL., C.A. No. 1:17-03461
JUTLA v. FYRE MEDIA, INC., ET AL., C.A. No. 1:17-03541